# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**BRENT ALAN PETERSON,**

    **Plaintiff,**

**v.**                                           **Case No. 2:11-cv-00867**

**INVENT TECH and**
**SAM ARTIOLI,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 8, 2011, the plaintiff, proceeding *pro se*, filed a complaint (ECF No. 2). The complaint failed to comply with the Federal Rules of Civil Procedure; accordingly, the plaintiff was required to attend a status and scheduling conference on November 30, 2011. At the conference, the plaintiff was questioned concerning his case, and instructed to file an amended complaint.

On January 17, 2012, the plaintiff filed an amended complaint. The Amended Complaint reads as follows [spelling corrected]:

> I Brent Alan Peterson in the time period of 200-2004 most likely 2001 saw a TV commercial for Invent Tech I call them and they sent me papers to draw a blueprint and to tell the good things about my invention and how it works. Then after I sent back the papers they sent me. They sent me a file number for my Invention 259846. Then I received a phone call from Sam Artioli at (304) 776-2199 my phone at the time at 135 Valley Dr. Nitro W.V. 25143, and he told me he was with Invent Tech, then he told me he works for Apple and he moonlights for Invent Tech. He said he loves my idea and he thinks Apple will make it, then I said Apple does not make things for guitar, then he replied they make gadgets. Then we talked about royalties for me, he said I would get 10% or more. Then he wanted 800 dollars for plane fare to a convention for inventions in Germany, I said I do not have that, then he said what about half, and I said I do not have that either. Then in March of 2010 in a Jan. 2010 issue of Guitar World, I seen my invention being sold by Sam Artioli for $58.00. Invent Tech's

> slogan is launchpad for new ideas well its been launched and I am receiving no compensation for the idea I drew the blueprint for and explained how it works and said the good things about it. One of the good things I said about it was that experienced guitar players could use it for voicing. Sam Artioli calls it voice capo. Sam says he came up with the invention while living in hut, he is a liar, fraud and thief. So there for I am entitled to relief. At the same time I sent that idea I also sent another and I am worried that I'll see it someday also. A show he was on promoting it the host said to him it's like a third hand.

(ECF No. 9, at 1-3.) It is signed by the plaintiff.

The court directed the Clerk to issue summonses and to attempt service of process via certified mail. The summons to Invent Tech was returned unexecuted (ECF No. 12); the summons to Sam Artioli was received (ECF No. 13). Mr. Artioli, proceeding *pro se*, filed a letter-form answer (ECF No. 14), in which he denied having represented himself as an employee of Invent Tech, and he asserted that he alone invented VoiceCapo.

Another status and scheduling conference was held on March 20, 2012, with the plaintiff appearing in person and Mr. Artioli appearing via telephone conference. An attorney who has represented Invent Tech in the past, Brent Pollack, appeared specially by telephone as a courtesy to the undersigned. During the conference, Mr. Artioli advised that he never worked for Invent Tech, that he has never dealt with the plaintiff, and that he invented VoiceCapo by himself. Mr. Pollack declined to accept service of process for Invent Tech and stated that Invent Tech is virtually defunct. Mr. Pollack confirmed that the address on Invent Tech's website is correct.

Pending before the court is Mr. Artioli's Motion for Dismissal (ECF No. 18), which is supported by his affidavit and a declaration of Fran Johnson, who has access to Invent Tech's records. The undersigned advised the parties that the Motion would be treated as a Rule 56 motion for summary judgment and issued a notice to the plaintiff in

2

conformity with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (Order entered April 11, 2012, ECF No. 19.) The plaintiff's response to the Motion was due on April 27, 2012, but none was filed. The April 11, 2012 Order directed the Clerk to re-issue a summons to Invent Tech and to attempt service of process via certified mail. On April 27, 2012, the re-issued summons was returned unexecuted (ECF No. 23).

Mr. Artioli has submitted his affidavit which states that he has never had any affiliation with Invent Tech; that he has never heard of or had any communication with the plaintiff; and that he created Voice Capo. (ECF No. 18, 18-1.) He has supplied the declaration of Fran Johnson, who states that she conducted a search of Invention Technologies, Inc.'s electronic corporate records, and that Mr. Artioli was never an employee. (ECF No. 18-2.) The plaintiff has not refuted these statements in any respect.

The plaintiff's sole evidence is that he received an undated document from Invent-Tech, titled "New Product Market Analysis: prepared for Brent Alan Peterson – Third Hand Chords Capeo [sic], File Number 259846." The plaintiff has no evidence that Mr. Artioli had a conversation with him or that Mr. Artioli's invention, "Voice Capo," has a similarity to the plaintiff's "Third Hand Chords Capeo." The plaintiff has not offered any evidence that he took any action to protect his design/idea, or that he made a prototype.

Considering Mr. Artioli's Motion in the light most favorable to the plaintiff, and taking the statements in the affidavit and declaration as true and unrefuted by the plaintiff, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's complaint against defendant Sam Artioli is without basis in fact or law and that Mr. Artioli is entitled to judgment.

It is respectfully **RECOMMENDED** that Mr. Artioli's Motion be granted and that this action be dismissed as to him with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, and to mail a copy of the same to the plaintiff, Mr. Artioli, and Brett Pollack.

ENTER:  May 8, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge